**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICTOR JESUS VIZARRAGA SANCHEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-547-R |
| MARKWAYNE MULLIN, et al., | ) ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Victor Jesus Vizarraga Sanchez, a noncitizen detainee in the custody of the U.S. Immigration & Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus. Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court dismiss the Petition as moot.

## I. Background and Petitioner's Claims

Petitioner is a native and citizen of Peru. Pet. at 6. He entered the United States in February 2023 without admission or parole after inspection by an immigration official. *Id*.; Resp. at 4. Immigration officials placed Petitioner into removal proceedings, and a Notice to Appear charged him as removable as an alien present in the United States who had not been admitted or paroled. Resp. at 4; Doc. 10-1. Petitioner sought asylum in June 2024. Resp. at 4.; Doc. 10-2. In September 2025, he was stopped on a traffic violation and later transferred to ICE custody. Pet. at 7. On January 7, 2026, an Immigration Judge ordered

Petitioner removed to Peru.  Resp. at 4-5; Doc. 10-4.  He appealed, but the Board of Immigration Appeals dismissed his appeal as untimely.  Resp. at 5; Doc. 10-5 at 2.

Petitioner alleges his continued detention violates the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedures Act.  Pet. at 29-33. He seeks immediate release and injunctive relief from any transfer or removal.  *Id.* at 33-34. When Petitioner filed his Petition on March 19, 2026, he was detained at the Diamondback Correctional Facility in Watonga, Oklahoma.  *Id.* at 11.

Petitioner later filed a Motion for Preliminary Injunction Ordering Release Pending Final Judgment, Doc. 13, and an Emergency Motion to Enjoin Transfer and for Temporary Restraining Order ("TRO Motion"), Doc. 16.  In the TRO Motion, Petitioner alleges he "is medically fragile," "has recently undergone multiple serious surgeries," and "remains in a vulnerable condition."  Doc. 16 at 2.  He seeks injunctive relief for his transfer and removal based on his medical conditions.  *Id.*  The undersigned recommended denial of Petitioner's TRO Motion.  Doc. 22.  On April 20, 2026, the Court denied the TRO Motion.  Doc. 24.

On April 21, 2026, when Petitioner no longer appeared on the ICE Detainee Locator, the Court ordered Respondents to advise whether Petitioner had been removed from the United States.[1]  Doc. 25.  On April 27, 2026, Respondents informed the Court that Petitioner was removed from the United States to Peru on April 14, 2026.  Doc. 26.

---

[1] On April 10, 2026, Respondents stated they "will provide notice to the Court once Petitioner had been assigned a flight" for removal.  Doc. 23 at 2-3 n.3.  No notice was provided.  When Petitioner no longer appeared on the ICE Detainee Locator, the Court ordered Respondents to provide an update.

The undersigned has separately confirmed Petitioner's location in ICE custody no longer appears on ICE's Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Apr. 28, 2026).

## II.    Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## III.    Analysis

Petitioner properly filed his Petition in this district because he was detained here at the time of filing.  Pet. at 11; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined").  Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)).  "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be

3

moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been removed from the United States to his home country of Peru. Though jurisdiction attached in this district when Petitioner filed his Petition here, his subsequent removal from the United States and release from ICE custody may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been removed from the country. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet

4

Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14).  To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges his detention, and not his underlying removal order.  Courts have concluded a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).  Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with him).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision.  The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine.  As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding an immigration detainee's release from immigration custody through deportation "mooted his challenge to the legality of his detention"); *Mounivong v. Bondi*, No. CIV-25-1483-PRW, 2025 WL 3907008 (W.D.

Okla. Dec. 22, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, 2026 WL 69364 (W.D. Okla. Jan. 8, 2026); *Souphanthong v. Bondi*, No. CIV-25-1220-D, Doc. 16 (W.D. Okla. Dec. 1, 2025) (same) (R&R), *adopted*, Doc. 20 (W.D. Okla. Dec. 16, 2025); *Bolom Vazquez v. Holt*, No. CIV-25-1191-J, Doc. 12 (W.D. Okla. Nov. 6, 2025) (same) (R&R), *adopted*, Doc. 13 (W.D. Okla. Nov. 21, 2025).

## IV.     Recommendation and Notice of Right to Object

Petitioner's release from ICE custody and removal to Peru render his Petition moot, as there is no longer an actual case or controversy for the Court to decide.  The undersigned therefore recommends that the Court **DISMISS** the Petition, Doc. 1, as moot.[2]

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **May 5, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **May 8, 2026**. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[2] Adoption of this Report and Recommendation would moot Petitioner's Motion for Preliminary Injunction Ordering Release Pending Final Judgment, Doc. 13.

**ENTERED** this 28th day of April, 2026.

_____

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE